UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PILAR KNIGHT,<br><br>             Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Case No. 1:21-cv-00208-CBD<br><br>ORDER GRANTING PLAINTIFF COUNSEL'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)[1]<br><br>(Doc. 25) |

On March 17, 2023, counsel for Plaintiff Pilar Knight ("Plaintiff") filed a Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b). (Doc 25). On March 31, 2023, Defendant Commissioner of Social Security ("Defendant") responded to the fee request but did not oppose or support the motion. (Doc. 28). Accordingly, for the reasons set forth below, counsel for Plaintiff's Motion for Attorneys' Fees shall be granted.

**Procedural and Factual Background**

On May 19, 2020, Plaintiff and counsel for Plaintiff, Jonathan O Peña, entered into a contingency fee agreement. (Doc. 25-3). The parties agreed to a 25% attorney's fees, less any fees received under the Equal Access to Justice Act ("EAJA"). *Id*. On February 19, 2021,

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. 636(c)(1). (Doc. 10).

1

Plaintiff filed a Social Security Complaint against Defendant.  (Doc. 1).  Plaintiff filed an opening brief on October 7, 2021.  (Doc. 14).  On December 8, 2021, Defendant filed an opposition to Plaintiff's opening brief and Plaintiff filed a reply brief on December 14, 2021.  (Docs. 17-18).

On December 28, 2021, the Court issued an order granting Plaintiff's request for judicial review and denying Defendant's request to have the administrative decision affirmed.  (Doc. 19).  The Court remanded this action pursuant to sentence four of 42 U.S.C. § 405(g).  *Id*.  That same day, the Court issued a judgment in favor of Plaintiff against Defendant.  (Doc. 20).  On March 13, 2022, counsel for Plaintiff filed a stipulation for the parties for the award of attorney's fees under the Equal Access to Justice Act ("EAJA"), seeking a total award of $4,878.89.  (Doc. 21).  On March 24, 2023, the Court issued an order on the parties' stipulation granting an award of attorney's fees under EAJA in the amount requested by the parties.  (Doc. 24).

On March 14, 2023, Plaintiff received a fully favorable decision on his Title II claim finding him disabled and eligible for benefits as of November 2016.  (Doc. 25-1).  Plaintiff was informed that $22,038.03 (not more than 25 percent of her past-due benefits) were withheld to pay her representative.  *Id*. at 3.  That same day, counsel for Plaintiff was authorized by the agency to charge and collect a fee in the amount of $7,140.31 for services pursuant to 42 U.S.C. § 406(a).  (Doc. 25-2).

On March 17, 2023, counsel for Plaintiff filed a Motion for Attorneys' Fees Pursuant to 42 U.S.C.§ 406(b) seeking $14,897.72 in attorneys' fees.  (Doc. 25).  On March 31, 2023, Defendant filed a response and took no position on the reasonableness of counsel for Plaintiff's request.  (Doc. 28).  Plaintiff did not file an opposition or any response to her counsel's Motion for Attorney Fees.

**Counsel for Plaintiff's Claims**

Counsel for Plaintiff asserts the Court is authorized to award reasonable attorneys' fees, not in excess of 25 percent of Plaintiff's past-due Title II benefits.  (Doc. 25 at 3).  Counsel for Plaintiff argues the $14,897.72 he seeks by motion and the $7,140.31 he collected for services pursuant to 42 U.S.C. § 406(a), meets the past-due benefits withheld from Plaintiff ($22,038.03).

*Id*. Counsel for Plaintiff claims the fee requested is reasonable based on the favorable outcome for Plaintiff, and the significant award of past due benefits. *Id*. at 4-5.

**Standard of Review**

42 U.S.C.§ 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may…certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b)(1)(A). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *see Gisbrecht*, 535 U.S. at 808-08 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable.")

In determining whether the requested fee is reasonable, the court considers (1) the character of the representation and the results achieved by the representative, (2) whether the attorney is responsible for delay in effectuating benefits, and (3) whether the requested fee is reasonable in light of the amount of time the attorney spent in litigating the case. *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808)).

**Discussion**

The amount sought by Plaintiff's counsel is reasonable and should be awarded. Plaintiff's counsel is an experienced attorney who secured a successful result for Plaintiff in this action. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There also is no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay.

Furthermore, the total amount sought does not appear to be disproportionate to the amount of time Plaintiff's counsel spent on the case.  Counsel's billing statement indicates approximately 22.45 hours of appropriate legal work was dedicated to Plaintiff's federal case.  (Doc. 25-4). Counsel for Plaintiff requests the equivalent of $663.59 per hour for his work in this case.  (Doc. 25 at 5).  Even at this high rate, the amount requested cannot be said to amount to a windfall to Plaintiff's counsel.  *See Crawford*, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (noting that the majority opinion found reasonable effective hourly rates equaling $519, $875, $902); *see also Smith v. Kijakazi*, No. 1:13-cv-01717-BAK (SKO), 2022 WL 1471035, at *2 (E.D. Cal. May 10, 2022) (collecting cases finding that similar amounts in attorneys' fees requested were appropriate); *contra Soriano v. Saul*, 831 Fed. Appx. 844, 844-45 (9th Cir. 2020) (holding the district court had discretion to determine that a fee award of $20,000 for 17.7 hours of work, an hourly rate of $1,129.94, did amount to a windfall) (unpublished).

Moreover, Plaintiff's counsel assumed the risk of receiving no compensation.  In the Ninth Circuit, it is common that a contingency fee may far exceed the market value of the services rendered.  *In re: Washington Public Power Supply Sys. Lit.*, 19 F.3d 1291, 1299-1301 (9th Cir. 1994).  Thus, undersigned finds the fee amount requested is reasonable in light of the several years of litigation, the time spent, the risk incurred, and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to counsel.

For the foregoing reasons, undersigned recommends the Court award counsel for Plaintiff's requested amount of $14,897.72 in attorneys' fees under 42 U.S.C. § 406(b).  The Court should direct that the full amount be paid to Plaintiff's counsel, who shall then be responsible for reimbursing Plaintiff the previously awarded EAJA fees.  *See Gisbrecht*, 535 U.S. at 796 (fee awards may be made under both the EAJA and 42 U.S.C. § 406(b), however, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Counsel for Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 25) is GRANTED;

2. Plaintiff's counsel is awarded attorneys' fees in the amount of Fourteen Thousand Eight-Hundred Ninety-Seven Dollars and Seventy-Two Cents ($14,897.72); and

3. Upon the receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall reimburse Plaintiff the full amount of the EAJA fee, Four-Thousand Eight-Hundred Seventy-Eight Dollars and Eighty-Nine Cents ($4,878.89) previously awarded (Doc. 24).

IT IS SO ORDERED.

Dated:  **April 14, 2023**

UNITED STATES MAGISTRATE JUDGE